UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GINA BIEN-AMIE,

    Plaintiff,

v.                              Case No. 8:21-cv-2446-VMC-AEP

BROOKDALE SENIOR LIVING INC.,
ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Gina Bien-Amie initiated this Florida Civil Rights Act employment discrimination case in state court in

1

June 2021. Thereafter, on October 18, 2021, Defendant Brookdale Senior Living Inc. removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-1 at 2). Instead, in its notice of removal, Brookdale relied on Bien-Amie's back pay up to the time of trial, punitive damages, and attorney's fees up to the time of removal. (Doc. # 1).

Upon review of the notice of removal, the Court was not persuaded that the amount in controversy has been satisfied.

(Doc. # 8). Specifically, the Court concluded that the estimate of attorney's fees up to the date of removal and the amount of punitive damages at issue in the case were overly speculative, and "that back pay should be calculated only to the date of removal" for purposes of determining the amount in controversy. (Id.) (quoting Bragg v. Suntrust Bank, No. 8:16-cv-139-VMC-TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016)). Thus, the Court concluded that "Brookdale has only proven by a preponderance of the evidence that the amount is controversy in this case is approximately $40,947.90," the back pay up to the time of removal. (Id.). But the Court provided Brookdale an opportunity to provide more information on the amount in controversy calculation.

Brookdale has now responded, providing a redacted copy of an email exchange from June 2021 in which Bien-Amie's counsel makes an $80,000 settlement offer. (Doc. # 10; Doc. # 10-1). This is insufficient to establish that the amount in controversy exceeds $75,000 because settlement offers do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for

3

purposes of diversity jurisdiction"). Rather, courts evaluate "whether demand letters 'reflect puffing and posturing' or whether they provide 'specific information to support the plaintiff's claim for damages.'" Id. (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). Here, Bien-Amie flatly makes a settlement offer of $80,000 without providing any specific information as to how that amount was calculated. (Doc. # 10-1). Therefore, the settlement offer appears to be mere puffery or a negotiation tactic, rather than a true approximation of damages. The Court will not credit this settlement offer in calculating the amount in controversy.

In short, it appears to the Court that the amount in controversy is approximately $40,947.90 — far below the $75,000 threshold. The Court lacks subject matter jurisdiction, and this case must be remanded.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of October, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE